## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DERWIN BOWIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV473 HEA |
| | ) |
| ST. LOUIS COUNTY HEALTH DEPT., | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it for lack of jurisdiction pursuant to consideration under Federal Rule of Civil Procedure 12(h)(3).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

In his pro se complaint against the St. Louis County Health Department, plaintiff asserts generally a violation of his "privacy rights."

Plaintiff states that in November of 2014 he was alerted by the Health Department that an unnamed female worker had transferred an electronic copy of his medical records to her private email account. He claims, in a conclusory fashion, that she "breached the statutorily required duty of confidentiality."

As grounds for filing the instant lawsuit, plaintiff lists: 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1343 (civil rights and elective franchise)[1]; 28 U.S.C. §§ 2201-2202 (declaratory judgments)[2]; pendent jurisdiction; 42 U.S.C. § 1983 (civil rights act); and "1974 Privacy Act."[3]

Plaintiff seeks monetary and injunctive relief.

## Discussion

Plaintiff has failed to state adequate grounds for filing the instant action in Federal Court. Although plaintiff has listed a plethora of federal statutes in his complaint, not one of the statutes listed in the complaint actually provides jurisdiction in this matter.

---

[1] Plaintiff has not articulated exactly what "civil rights" he believes were violated under § 1343. To the extent plaintiff believes he is asserting a "conspiracy" pursuant to 42 U.S.C. § 1985 (3), it requires proof of invidious discriminatory intent and a violation of a serious constitutional right that is protected from official and private encroachment. *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267-68 (1993). The list of rights to which § 1985 applies is reserved to claims involving racial or class-based invidiously discriminatory animus. *Id.* A cause of action under 42 U.S.C. § 1986, which can also be made under 28 U.S.C. § 1343 is dependent on a valid claim under § 1985. *Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir.1981). There is no indication that plaintiff's complaint contains either a § 1985 or a § 1986 claim.

[2] The Declaratory Judgment Act does not provide an independent basis for jurisdiction.

[3] The Court believes plaintiff is referring to 5 U.S.C. § 552a, which establishes a code of fair information practices that govern the collection, maintenance, use and dissemination of information about individuals that is maintained in systems of records by **federal agencies**. Plaintiff is suing a **state agency** in this instance. Thus, the "1974 Privacy Act" cannot suffice to form a basis for jurisdiction.

For example, although plaintiff claims that his case deals broadly with a violation of his healthcare "privacy rights," there is no private right of action for improper disclosures of medical information under the Health Insurance Portability and Accountability Act ("HIPAA"), Pub.L.No. 104-191, 110 Stat. 1936 (1996). Rather, it limits enforcement of the statute to the Secretary of Health and Human Services. *See Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir. 2010); *Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006); *Bradford v. Blake,* No. 4:05CV136 CAS, 2006 WL 744307 (E.D.Mo. March 23, 2006).

Moreover, plaintiff's claims do not survive under 42 U.S.C. § 1983, as he has not alleged a violation of his civil rights in relation to St. Louis County or the unnamed female employee of the County. First, plaintiff has not identified exactly what constitutional right he believes was violated. Second, plaintiff's complaint is silent as to the capacity he is suing defendants. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir.1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case, the County. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services,* 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of St. Louis County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim pursuant to 42 U.S.C. § 1983.

In light of the aforementioned, plaintiff has not named a federal statute that provides this Court with federal question jurisdiction under 28 U.S.C. § 1331. As such, this matter must be dismissed for lack of jurisdiction. See Fed.R.Civ.P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to Fed.R.Civ.P. 12(h)(3).

A separate Order of Dismissal will be filed forthwith.

Dated this 10th day of April, 2015

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE